IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BUSINESS LOAN CENTER, LLC,

    Plaintiff,

v.      CV 114-213

ROLAND GARROS, INC.; and
CUTLER LAW GROUP, a
Professional Law Corporation;

    Defendants.

**O R D E R**

Now before the Court is Plaintiff's motion for default judgment. (Doc. 20.) For the reasons discussed below, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

I. **Background**

In November 2014, Plaintiff filed a complaint against Defendants Roland Garros, Inc. ("Roland Garros") and Cutler Law Group, a professional law corporation ("Cutler Law Group," collectively "Defendants") for breach of a note, and against M. Richard Cutler for breach of a guaranty. (Doc. 1, "Compl.") In May 2015, because Plaintiff had not shown that it had perfected service, the Court ordered Plaintiff to show cause why the action should not be dismissed. (Doc. 12.) Plaintiff responded

by filing waivers of service. (Doc. 13.) Also, in April 2015, Mr. Cutler informed the Court that he had filed for Bankruptcy protection and requested that the Court stay the matter, which the Court did. (Docs. 11, 14.) Subsequently, after receiving permission from the bankruptcy court, Plaintiff moved the Court to dismiss Mr. Cutler from this matter and proceed against Roland Garros and Cutler Law Group. (Doc. 16.) The Court granted that motion, terminated Mr. Cutler as a party, and lifted the stay. (Doc. 17.) Accordingly, only Defendants Roland Garros and Cutler Law Group remain. In August 2015, Plaintiff moved for entry of default (doc. 18) against the remaining Defendants, which the Clerk granted (doc. 19), and now moves for default judgment (doc. 20).

The relevant portions of the complaint in this action are based on Defendants Roland Garros's and Cutler Law Group's failure to satisfy a note made payable to Plaintiff. According to the complaint, Cutler Law Group and Roland Garros borrowed $1,315,000 from Plaintiff. (Id. ¶ 8.) The complaint alleges that Defendants have defaulted on the note by, among other things, not making timely payments, even after Plaintiff made written demands for the amount owed. (Compl. ¶¶ 15-17.) Accordingly, the complaint seeks to hold Defendants liable for the amount owed on the note plus interest and fees. And as of the time Plaintiff filed the complaint, Defendants owed $1,178,765.07 on the principal and $273,981.27 in fees and

2

interest. (Id. ¶ 10-11.) Additionally, pursuant to O.C.G.A. § 13-1-11, the complaint seeks attorneys' fees. (Id. ¶ 18.)

## II. Discussion

Federal Rule of Civil Procedure 55 governs the Court's ability to grant a default judgment, and vests the Court with discretion to determine whether judgment should be entered. See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). "[T]hree distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Id. With respect to the jurisdictional element, "[t]he Court must have personal and subject-matter jurisdiction over the defendant." Id.

Here, the Court is not satisfied that Plaintiff has adequately pleaded subject-matter jurisdiction. Jurisdiction in this case is based on 28 U.S.C. § 1332, which requires diversity of citizenship. The complaint represents that Plaintiff is a limited liability company, Defendant Cutler Law Group is a professional corporation, and Defendant Roland Garros is a corporation. For diversity of citizenship purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). And a corporation is a citizen of any state in which it is incorporated and the state where it has its principal place of

3

business. 28 U.S.C. § 1332(c). Plaintiff's complaint states that Plaintiff is a Delaware limited liability company, and its sole member is Ciena Capital, LLC. (Compl. ¶ 1.) Ciena Capital, LLC, according to the complaint, is a Delaware limited liability company. (Id.) Its only member is Ares Capital Corporation, a Maryland corporation with its principal place of business in New York. Plaintiff has adequately pleaded its citizenship.

Plaintiff's complaint, however, does not sufficiently plead the citizenship of Defendants. It states that Cutler Law Group is a California corporation with "its registered principal office address" in Augusta, Georgia. (Id. ¶ 2.) And it states that Roland Garros is a Nevada corporation with its "registered principal office address" in Augusta, Georgia. (Id. ¶ 3.) The complaint is problematic for two reasons. First, although it pleads Defendants' states of incorporation, it does not directly address their principal places of business. Instead, it refers only to their "registered principal" offices. But terminology matters when addressing jurisdiction. See Wylie v. Red Bull N. Am., Inc., No. 1:14-cv-01086-WSD, 2015 WL 1137687, at *2 (N.D. Ga. March 13, 2015)("'[P]incipal Office Address' is not synonymous with a defendant's 'principal place of business'") (alteration in original)). Indeed, "'[p]rincipal place of business' is a term of art with a defined legal meaning for jurisdictional purposes." Id. Plaintiff's use of "registered

4

principal office" is especially curious in this case considering that Plaintiff, in the preceding paragraph, pleads its own citizenship using the words "principal place of business." (Id. ¶ 1.) Additionally, with regard to Cutler Law Group, the complaint indicates that Cutler Law Group is a professional corporation. But the complaint does not plead the citizenship of the members of Cutler Law Group. And the Court cannot locate any Eleventh Circuit precedent that establishes that the pleading requirements for a professional corporation are the same as for other corporations. In fact, the issue seems unresolved in most jurisdictions. See 13 Wright & Miller, Federal Practice and Procedure § 3623. Consequently, the Court is not satisfied that Plaintiff's complaint adequately pleads jurisdiction in this case.

Accordingly, Plaintiff's motion for default judgment (doc. 20) is **DENIED WITHOUT PREJUDICE.** To the extent that Plaintiff can sufficiently establish jurisdiction by properly presenting Defendants' citizenship, Plaintiff may submit such evidence and/or arguments in a second motion for default judgment.

**ORDER ENTERED** at Augusta, Georgia this 2nd day of December, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5